[885 NYS2d 219]

In the Matter of YVETTE A. BENTHAM (Admitted as YVETTE AL-
LISON BENTHAM), an Attorney, Respondent. GRIEVANCE COM-
MITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDI-
CIAL DISTRICTS, Petitioner.

Second Department, September 15, 2009

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.
*Sarah Diane McShea*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

A proceeding was commenced in Connecticut by a grievance complaint alleging that the respondent had violated one or more of the Connecticut Rules of Professional Conduct relative to a real estate closing on commercial property in Waterbury, Connecticut. The respondent represented Herbert Rock and Madeline Oquendo, the potential buyers of the subject property. Rock executed a purchase and sale agreement for the agreed-upon price of $1,000,000. An appraisal of the property did not support the purchase price. A purchase and sale agreement was thereafter executed by Madeline Oquendo for $775,000 on April 26, 2007.

At the closing on June 22, 2007, the proceeds wired by the mortgage lender plus the $50,000 deposit previously paid, were insufficient to cover the purchase price. The respondent executed the closing documents and procured a title policy based on assurances by her client that the additional funds to purchase the property would be obtained. The respondent sent $647,797.60 to the seller's attorney which was sent back, minus the $50,000 deposit. Although this terminated the transaction due to the buyer's inability to pay the full purchase price, the respondent failed to inform the lender or the title company.

The parties agreed to a second closing in August 2008. Insufficient funds were again provided to the seller's attorney, who returned the funds to the respondent on or about September 12, 2008. The title company was presented with a claim by the mortgage lender.

On May 14, 2008, the Litchfield Judicial District Grievance Panel found probable cause that the respondent had violated rule 8.4 (3) of the Connecticut Rules of Professional Conduct (misconduct) and forwarded the matter to disciplinary counsel for prosecution. The seller's attorney filed an interpleader action to ascertain the best way to disburse the funds which had been resent to him by the respondent. The interpleader action was concluded and the funds were distributed by court order.

The respondent admitted that there was sufficient evidence which would lead a court to find by clear and convincing evi-

dence that a violation of the Rules of Professional Conduct occurred. At the Connecticut hearing before the Honorable William J. Sullivan on November 5, 2008, the court confirmed that the respondent would automatically return to practice after the expiration of two months without the necessity of returning to court or filing any papers.

The respondent submitted a verified statement in which she noted that she was not raising any of the enumerated defenses to the imposition of reciprocal discipline and consented to the imposition of such discipline as this Court, in its discretion, deems appropriate. Thus, there is no impediment to the imposition of reciprocal discipline at this juncture. She notes that she has been reinstated to the Connecticut Bar since January 4, 2009. Her counsel promptly notified this Court of the suspension and she has cooperated fully with the petitioner.

Under the circumstances, we find that a public censure is warranted based upon the discipline imposed upon the respondent in Connecticut.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent is publicly censured for her professional misconduct.